PHILLIP A. TALBERT
United States Attorney
SAM STEFANKI
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-CR-00039-DJC |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | |
| MICHAEL JOSEPH TAYLOR, | |
| Defendant. | |

The United States of America (the "government") respectfully requests that the Court sentence defendant Michael Taylor to 210 months in prison, followed by 20 years of supervised release. This sentence would sufficiently reflect the seriousness of Taylor's offense and criminal history, while also deterring him from committing sex crimes involving children for the rest of his life.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Taylor pleaded guilty to two counts of distributing child sexual abuse material ("CSAM") and one count of possessing CSAM, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B). *See* Mins., ECF No. 14. The Presentence Investigation Report (the "PSR") calculated that Taylor's guideline sentencing range is 210 to 262 months. PSR ¶ 101, ECF No. 18. Neither party filed objections to the PSR, and the government agrees with its calculations of the advisory sentencing range under the United States Sentencing Commission Guidelines Manual (the "Guidelines") and its statements of material fact.
///

## II.    SENTENCING RECOMMENDATION

A sentence at the low end of the advisory guideline range—210 months—is warranted because Taylor's offenses and his concerning criminal history demonstrate that he will engage in sexual misconduct unless he is incarcerated.  *See* 18 U.S.C. § 3553(a).

### A.    The nature and circumstances of Taylor's offense support a 210-month sentence.

Taylor committed an extremely serious offense which merits a 210-month sentence.  *See id.* § 3553(a)(1).

While on supervised release following a prior conviction for failing to register as a sex offender in this district, Taylor distributed CSAM over the internet on at least two separate occasions.  PSR ¶¶ 7, 10.  He showed little hesitation in seeking out willing partners to exchange CSAM with him online.  *Id.* Indeed, Taylor went so far as trying to convince a person portraying herself as the mother of four- and six-year-old daughters to send him explicit images of her children.  *Id.* ¶ 10.  And Taylor also possessed numerous image and video files of boys and girls being degraded and sexually abused.  *Id.* ¶¶ 8–9.

There is no excuse for Taylor's offense conduct; his depraved and selfish actions victimized each of the children depicted in the digital files that Taylor obtained and put onto the internet.  Indeed, Taylor's offense level under the Guidelines is deservedly enhanced for involving CSAM of minors under the age of twelve, depictions of sadistic or masochistic conduct, and the equivalent of at least 750 images.  *Id.* ¶¶ 18, 20, 22.  In this sense, a term of imprisonment at the low end of the applicable sentencing range is warranted because the Guidelines calculation appropriately accounts for the numerous ways in which Taylor is culpable for his serious crimes.

### B.    Taylor's history and characteristics support a 210-month sentence.

Taylor's offense conduct is disturbing enough standing alone.  But the backdrop of his criminal history—and the fact that he was on federal supervision at the time he committed these offenses— demonstrates that Taylor cannot or will not control his compulsion to find and share CSAM.  *See* 18 U.S.C. § 3553(a)(1); Sentencing Recommendation 2 (describing how Taylor "did not apply himself to sex offender treatment and treatment for co-occurring mental health and substance abuse issues because he was not ready to change"), ECF No. 85-1.

///

Taylor distributed and possessed CSAM even after sustaining nine prior convictions for hands-on sex crimes and for failing to register as a sex offender. *See* PSR ¶¶ 35–51. Taylor knew that federal probation officers were monitoring him following his most recent conviction for failing to register himself, but he distributed and possessed CSAM anyway. *See generally id.* (describing Taylor's inability to adjust to supervision following prior convictions). So while it is undoubtedly true that Taylor suffered through an awful childhood which informs his behavior as an adult, his criminal history nonetheless shows that he is a danger to the community in his own right. *See* Sentencing Recommendation 2 ("The defendant's blatant breach of the Court's trust and disregard for the conditions of his supervision raises concern for the safety of the community.").

A 210-month sentence followed by 20 years of supervision will neutralize the threat Taylor poses by ensuring he is closely monitored into his elderly years. *See* PSR at 2. This is because, despite experiencing the trauma of victimization himself and despite his repeated contact with the criminal justice system, Taylor's history shows that incarceration is the only thing that prevents him from committing sex offenses involving children.

**C.       The need to punish and deter Taylor supports a 210-month sentence.**

For many of the same reasons, a 210-month sentence would appropriately punish and deter Taylor. *See* 18 U.S.C. § 3553(a)(2).

Taylor deserves a significant prison term based on the nature of the items he possessed, distributed, and solicited, and because of his eagerness to generate fresh CSAM from new victims. *See* PSR ¶¶ 10 (describing how Taylor offered correspondent "$30.00 in exchange for images of the girls with 'no panties or T-shirt on'"), 20 (noting Taylor's possession of video file in which "an adult male is observed sodomizing a prepubescent male child"). And when he re-enters the community after the custodial portion of his sentence, Taylor needs to remember how serious the consequences will be if he exploits children again. His prior sentences for a few months or years failed to deter Taylor from committing the instant crimes that bring him before the Court. *See, e.g.*, *id.* ¶ 51 (recounting how while on supervised release following previous federal conviction, Taylor failed to participate in treatment, make his cellular devices available for inspection, or otherwise live by residential reentry center rules). In other words, this case presents the chance for the Court to make Taylor understand—finally—that

victimizing children results in significant punishment.  *Cf.* Sentencing Recommendation 2 ("Given the defendant committed new offenses involving child pornography while under supervision, a sentence at the high end of the applicable guideline range was considered.").  A 210-month term of imprisonment followed by 20 years of supervised would be sufficient, but no greater than necessary, to accomplish this end.

### III.   <u>CONCLUSION</u>

Consistent with the assigned probation officer's recommendation, the government urges the Court to sentence defendant Michael Taylor to serve 210 months in federal prison, to be followed by 20 years of supervised release.  Such a sentence would reflect the serious nature and circumstances of Taylor's offense as well as his long and concerning criminal history.  It would punish Taylor commensurate with the gravity of his crimes.  Most importantly, it would deter him from committing future offenses involving children once he is released from custody.

Dated:  June 20, 2024                                      PHILLIP A. TALBERT
                                                                          United States Attorney


                                                                   By:  /s/ SAM STEFANKI
                                                                          SAM STEFANKI
                                                                          Assistant United States Attorney